UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRIAN DUNLEAVY and
PAMELA DUNLEAVY,

    Plaintiffs,

Case No. 10-13879
Hon. Thomas L. Ludington

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION TO REMAND

On September 16, 2010, Plaintiffs Brian Dunleavy and Pamela Dunleavy ("Plaintiffs") served a summons and complaint on State Farm Fire and Casualty Company ("Defendant" or "State Farm") alleging that State Farm breached its contract of insurance with Plaintiffs and requesting that State Farm be estopped from asserting any contractual or statutory time limit that would preclude Plaintiffs claims. On September 29, 2010, State Farm timely removed the action to this Court on the basis of diversity jurisdiction. Plaintiffs have acknowledged they were citizens of Michigan and that the amount in controversy, exclusive of interest, was in excess of $75,000.00 [Dkt. #1]. The pending motion to remand was filed on October 14, 2010 [Dkt. #6]. Defendant filed a response on October 19, 2010 [Dkt. #8]. Plaintiffs filed a reply on November 12, 2010 [Dkt. # 16].

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the

papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will **DENY** Plaintiffs' motion to remand.

**I**

Plaintiffs filed suit against State Farm in the Clare County Circuit Court, seeking benefits under a homeowner's policy of insurance for the residential property located at 789 Arbor Drive, Lake George, Michigan which was in effect on the date of the incident. Plaintiffs are the named insureds under the homeowner's insurance policy issued to them by State Farm. On July 4, 2007, a water pipe burst at Plaintiffs' home, causing extensive damage to the one-story home and rendering the house, as Plaintiffs explain, a "total loss and tear down" because of the water damage. (Compl. ¶¶ 11-13.) The cause of the pipe burst is unknown. Plaintiffs submitted their claim as a qualifying catastrophic event loss covered by the State Farm insurance policy and filed a claim for the accompanying damage to their house. State Farm issued partial payments on July 20, 2009 and December 22, 2009 for unspecified amounts pursuant to negotiations with Plaintiffs regarding their claim. Although State Farm has not issued a denial letter for Plaintiffs' claim, Plaintiffs have not received full payment on their claim.

**II**

**A**

Plaintiffs' motion for remand contends that removal to this Court was improper because the Plaintiffs and Defendant are not diverse. Plaintiffs assert that they fall squarely within the language of 28 U.S.C. § 1332(c)(1) because this is a "direct action" against the insurer for benefits under an insurance policy and Plaintiffs have not been joined as a defendant in the action. 28 U.S.C. § 1332(c)(1) provides that:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business

Plaintiffs contend that under § 1332(c)(1), State Farm is deemed a citizen of the Plaintiffs' state of residency, which is Michigan.

A "direct action" under § 1332(c)(1) is one in which a party who suffered injuries or damage for which another is legally responsible is entitled to bring suit against the tortfeasor's liability insurer directly without joining the insured or first obtaining a judgment against the tortfeasor. *See ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 677-78 (2d Cir. 1992). In other words, the statute is applicable only if the insurer stands in the shoes of its insured who would traditionally be the defendant. *Rosa*, 981 F.2d at 677-78. The federal statute thus applies to the limited situations where the insurer's status is that of the payor of a judgment based on the negligence of its insured. *See Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). In any direct action against an insurer of a policy or contract of liability insurance in which the insured is not joined as a party-defendant, the insurer is deemed to be a citizen of the following states: (1) the state of which the insured is a citizen; and (2) any state by which the insurer has been incorporated; and (3) the state where the insurer has its principal place of business. 28 U.S.C. § 1332(c)(1); *see, e.g., Searles v. Cincinnati Ins. Co.*, 998 F.2d 728-29 (9th Cir. 1993).

Direct actions have been authorized under state law in a variety of circumstances. Many states have adopted statutes that give the injured party the right to sue the tortfeasor's insurer

directly at some point after the injured party's initiation of proceedings against the tortfeasor. These statutes typically require the injured party to obtain a final judgment against the insured before proceeding directly against the insurer, but some merely require a final judgment even if it is not satisfied. *See* Ark. Code Ann. § 23-89-101; Ohio Rev. Code Ann. § 3929.05-06. Other states require the injured party to attempt to collect on the judgment, even if unsuccessfully, before they may bring suit directly against the insurer. *See, e.g.*, 215 Ill. Comp. Stat. 5/388; 40 Pa. Stat. § 117. Still other states require that all liability policies include a written provision giving injured parties the right to sue the insurer directly after the satisfaction of prescribed conditions, including receipt of a final judgment against the insured, either with or without the requirement that the injured party must attempt to collect the judgment from the tortfeasor before suing the insurer. *See, e.g.*, Cal. Ins. Code § 11580; Iowa Code § 516.1.

28 U.S.C. § 1332 Subsection (c)(1) was added in 1964 after the Louisiana federal courts experienced a significant caseload increase resulting from the state adopting a direct action statute. S. Rep. No. 88-1308, at 1 (1964), *reprinted in* 1964 U.S.C.C.A.N. 2778, 2778-79; *see Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9 (1989). The Louisiana statute permitted Louisiana residents to file tort claims directly against nonresident insurers without joining the Louisiana resident who allegedly committed the tort. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988). The 1964 amendment to the federal direct action statute made clear that the statute's purpose was not to be used as a vehicle to hail an insurer into federal court where both the plaintiff and the insured are residents of the same state. *Newsom v. Zurich Ins. Co.*, 396 F.2d 280, 281 (5th Cir. 1968).

The Sixth Circuit has addressed numerous cases where the "direct action" provision did not

apply. Plaintiffs advance *Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898 (6th Cir. 2003) as the leading case on this issue for the Sixth Circuit but seek to distinguish the case because the defendant was the wife's employer's insurer. Plaintiffs do not explain how this factual dissimilarity distinguishes *Lee-Lipstreu*. The Court in *Lee-Lipstreu* found that the insurer properly removed the suit to federal court and denied the insured's motion to remand based on 28 U.S.C. § 1332(c)(1). In denying the plaintiff's motion, the Sixth Circuit explained:

> applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity–federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.

*Id.* at 899-900.

The Sixth Circuit also addressed a challenge to diversity under § 1332(c)(1) in *Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340 (6th Cir. 2003). The Court explained that

> Section 1332(c)(1) refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of liability. This makes logical sense, as § 1332(c)(1) evidently was enacted to prevent a plaintiff from end-running the diversity of citizenship requirement (where the tortfeasor hails from plaintiff's state, but the tortfeasor's insurer does not) by suing the tortfeasor's insurer instead of the tortfeasor. *See Peterson v. TIG Specialty Ins. Co.*, 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002) ("[T]his direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule.")

*Monahan*, 75 F. App'x at 343.

Plaintiffs contend that the Sixth Circuit's language in the *Lee-Lipstreu* opinion is "troubling." (Pl.s' Mot. for Remand 5.) Plaintiffs emphasize that the *Lee-Lipstreu* opinion attempts to improperly expand the federal jurisdiction provided under 28 U.S.C. § 1332(c)(1). In their reply, Plaintiffs further assert, somewhat confusingly, that the holding in *Lee-Lipstreu* should not apply to a "straightforward fire case such as the present case." (Pl.s' Reply Br. 2.) Plaintiffs argue that

homeowners insurance is "local in nature" and subject to Michigan law, which is further evidenced by State Farm's advertisement jingle providing that "like a good neighbor, State Farm is there." (Pl.s' Mot. for Remand 5.) Plaintiffs argue that this results in State Farm being present in the state through local agents insuring local property but provide no legal support for this assertion.

On the contrary, *Lee-Lipstreu* did not expand the scope of jurisdiction under 28 U.S.C. § 1332(c)(1), but interpreted the factual situations to which the statute applies in cases invoking diversity jurisdiction. Moreover, as will be discussed below, State Farm's citizenship for diversity purposes is based on its state of incorporation and principal place of business; the company's promotional jingle is not a deciding factor, nor is Plaintiffs' characterization of homeowner's insurance as being "local in nature."

Finally, in the context of a first-party property insurance case such as the instant case, the court in *Beasley v. State Farm Fire and Casualty Company*, No. 2:08-CV-11091, 2008 U.S. Dist. LEXIS 27758 (E.D. Mich. April 7, 2008) denied a motion to remand filed by the plaintiff's counsel. *Id.* at *4. The plaintiff's counsel argued that the "direct action" provision of § 1332(c) applied and that the court was required to consider State Farm to be a citizen of Michigan–where the plaintiff was a citizen–in determining diversity of citizenship in the case. *Id.* at *3-4. The court concluded that the plaintiff's claim for first-party property insurance benefits resulting from a fire at his residence was properly heard in federal court. *Id.* at *4. The court relied on the holding in *Lee-Lipstreu* in finding that where a Michigan insured sues his own foreign insurance company for more than $75,000.00, the "direct action" provision of § 1332(c)(1) did not apply and there was diversity of citizenship between the parties. *Id.* at *3-4.

Accordingly, it is clear that in this circuit, when insureds are suing their own insurance

company the suit is not a direct action under 28 U.S.C. § 1332(c)(1). Rather, if the parties are citizens of different states and the amount in controversy exceeds $75,000.00, the federal court has subject-matter jurisdiction to hear the case. Accordingly, diversity of citizenship exists in this case and Plaintiffs' motion to remand will be **DENIED**.

**B**

Plaintiffs alternatively contend that State Farm is a mutual company owned by its policyholders and that, as a result, diversity of citizenship is lacking in this case. To support this contention, Plaintiffs emphasize that Defendant State Farm is a wholly owned subsidiary of State Farm Automobile Insurance Company which is owned by its policyholders, many of whom are Michigan residents. Because Defendant State Farm is a wholly owned subsidiary of State Farm Automobile Insurance Company, Plaintiffs contend that State Farm Mutual Automobile Insurance Company is the ultimate party in interest which destroys diversity.[1] Plaintiffs, however, do not provide any legal authority or factual support for their assertion that Defendant State Farm is a mutual company.

State Farm is a stock insurance company that is incorporated under the laws of the State of Illinois and its headquarters are located in Bloomington, Illinois. (Def.'s Resp. to Pl.s' Mot. for Remand 5.) State Farm is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company which is also incorporated under the laws of the State of Illinois, and the two companies are listed as having the same address. However, "[w]hen formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is

---

[1] Plaintiffs have subsequently filed a motion to amend their complaint [Dkt. # 14]. In their amended complaint, Plaintiffs do not name State Farm Mutual Automobile Insurance Company as a defendant.

determined by that corporation's citizenship, not the citizenship of the parent." *Moore v. Leo Burnett Worldwide, Inc.*, No. 07-cv-3007, 2007 WL 2639236, at *1 (E.D. Mich. Sept. 4. 2007) (citing *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir.1990). "[E]ven if the parent corporation exerts a high degree of control through ownership or otherwise, and even if the separateness is perhaps only formal, the subsidiary's place of business is controlling for diversity purposes if the corporate separation is real and carefully maintained." *Id.* Plaintiffs have not provided any evidence that Defendant State Farm does not maintain formal separation from its parent company.

Even if Plaintiffs had provided evidence that Defendant State Farm does not maintain formal separation from its parent company, Plaintiffs' argument would still not result in remand of the case. An entity is treated as a corporation under state law for the purposes of diversity jurisdiction regardless of whether it is organized as a membership entity rather than a stock corporation. *Nat'l Ass'n of Realtors v. Nat. Real Estate Ass'n, Inc.*, 894 F.2d 937, 939 (7th Cir. 1990); *Mut. Serv. Cas. Ins. Co. v. Country Life Ins.*, 859 F.2d 548, 551 (7th Cir. 1988); *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983). As a result, mutual insurance companies that are incorporated under state law are treated as corporations under 28 U.S.C. § 1332(a). *Mut. Serv. Cas. Ins. Co.*, 859 F.2d at 551. While the decisions cited by Defendant State Farm may lack precedential force, the reasoning of the cases are sound and not inconsistent with any known published precedent.

Accordingly, State Farm is a citizen of Illinois for diversity purposes under 28 U.S.C. § 1332(a). Because Plaintiffs and Defendant are citizens of different states, and the amount on controversy exceeds $75,000, federal diversity jurisdiction is proper and Plaintiffs' motion for remand will be **DENIED**.

### III

In its response to Plaintiffs' motion for remand, Defendant State Farm also requests an award of sanctions in the amount of $1,000.00 under Federal Rule of Civil Procedure 11(c)(3). 28 U.S.C. §1927 provides, in relevant part:

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As stated in *Kleinmark v. St. Catherine's Care Center*, 585 F. Supp. 2d 961, 965 (6th Cir. 2008), "[T]he Sixth Circuit will uphold sanctions under § 1927 when an attorney 'knows or reasonably should know that a claim pursued is frivolous' or 'has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " Further, "an award of attorneys' fees, whether granted under 28 U.S.C. § 1927 . . . or under the court's 'inherent powers,' rests in the sound discretion of the trial court." *Id.* (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986)). Plaintiffs do not address the requested $1,000.00 in sanctions in their reply.

Both the *Lee-Lipstreu* and *Beasley* cases, *supra*, established that an action by an insured against his insurer is not a "direct action" under 28 U.S.C. § 1332(c). *See also Hillen v. Allstate Ins. Co.*, No. 05-74330, 2006 U.S. Dist. LEXIS 5604, at *3-*4 (E.D. Mich. Jan. 31, 2006) (recognizing that the purpose of the "direct action" statute was not to destroy federal jurisdiction in insurance disputes between an insured and their insurer, but rather to prevent "back door" diversity); *Herring v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-73556, 2005 U.S. Dist. LEXIS 29648, at *4 (E.D. Mich. 2005) (finding that the "Sixth Circuit clearly rejects applying the 'direct action' provision of § 1332(c)(1) to a dispute solely between an insured and [their] own insurance company."). State

Farm is also not a mutual company. In addition, the fact that mutual companies are treated as a corporations for purposes of 28 U.S.C. § 1332 which is discoverable with a modicum of legal research. State Farm properly removed this matter to this Court, Plaintiffs' motion to remand is frivolous, and State Farm is entitled to sanctions in the amount of $1,000.00.

**VI**

Accordingly, it is **ORDERED** that Plaintiffs' motion for remand and objection to removal is **DENIED**.

It is further **ORDERED** that Defendant is entitled to sanctions in the amount of $1,000.00 for the fees incurred in responding to Plaintiffs' frivolous motion to remand. Plaintiffs and Plaintiffs' counsel are **DIRECTED** to pay the sanctions to defense counsel on or before **March 4, 2011**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS